UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey William Crouchman, | ) | C/A No. 9:16-1707-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sheriff Steve Lofties, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Jeffrey William Crouchman, a detainee at the Greenville County Detention Center (GCDC), has filed this Petition for Writ of Habeas Corpus pro se and in forma pauperis, pursuant to 28 U.S.C. § 2241. Through this habeas petition Petitioner seeks correction of alleged erroneous charge and disposition information on his crime report from the National Crime Information Center (NCIC).[1] Petition, ECF No. 1 at 8.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[2] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U .S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th

---

[1] The NCIC "has been called the lifeline of law enforcement—an electronic clearinghouse of crime data that can be tapped into by virtually every criminal justice agency nationwide..." Federal Bureau of Investigation (FBI) website, https://www.fbi.gov/services/cjis/ncic (last visited Aug. 2, 2016).

[2] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].



Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Serve., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner states that he is currently being held on orders of state authorities and "other," which he describes as a "family court (child support-non payment) violation of probation." Petitioner states that he is serving a sentence after being convicted of a crime by the Greenville County Family Court (which he describes as "waiting on violation of probation sentencing"), and also states that he is a pretrial detainee awaiting trial on criminal charges. ECF No. 1 at 1.

In response to a question asking what he is challenging in his Petition, Petitioner writes that he is challenging an "erroneous disposition of charges info on N.C.I.C.[3] from a trial in

---

[3]This Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. Sept. 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some
(continued...)

2

Pinellas County, Florida on 9-28-10 in which [he] was acquitted but found guilty of lesser offenses-misdemeanors." ECF No. 1 at 2. Records provided by Petitioner indicate that he was charged in Florida by felony information with one count each of robbery, kidnaping, and sexual battery; that he was found not guilty of the robbery charge; but he was found guilty of the lesser included offenses of assault (misdemeanors) as to the kidnaping and sexual battery charges; and that he was sentenced to time served on September 28, 2010. See ECF No. 1-1 at 3-4.

Petitioner appears to allege that his record in the NCIC database contains erroneous information because it shows convictions for aggravated battery/assault rather than misdemeanor simple assault, and that the database erroneously indicates that Petitioner's victim was a person 65 years or older (Petitioner asserts that the victim was 35 years old). See ECF No. 1 at 2, 5, 8; ECF No. 1-1 at 11-14. He states that he challenged the alleged erroneous information by filing letters with the Sixth Judicial Circuit, Pinellas County, Florida, but that his requests were denied for lack of jurisdiction, with one judge referring him to the FBI and another directing him to file a writ of mandamus. ECF No. 1 at 2-3. Petitioner also states that letters to the FBI and the Florida Department of Law Enforcement (FDLE), as well as § 2241 petitions filed in the Tampa and Atlanta Divisions of the United States District Court,[4] have been unsuccessful. Petitioner's grounds for relief

---

[3](...continued)
courts have found postings on government web sites as inherently authentic or self-authenticating].

[4] Court records show that Petitioner filed a § 2241 petition in the United States District Court for the Northern District of Georgia (Atlanta Divison) which was dismissed for lack of jurisdiction because Petitioner could no longer obtain the relief he sought (release on bond from pre-trial detention and participation in jail programs) since he had been released from the jail and was no longer a pre-trial detainee. Crouchman v. Conway, No. 1:15-cv-886-ODE-LTW (N.D.Ga. Aug. 7, 2015). His § 2241 petition filed in the United States District Court for the Middle District of Florida (Tampa Division) was dismissed for lack of jurisdiction because Petitioner was confined in Georgia
(continued...)



3

are that he is suffering from adverse consequences from the alleged erroneous NCIC information, that during previous unrelated incarcerations he was denied jail programs and had his bond affected by the NCIC information, and that he is subjected to more severe classification status based on this erroneous information. Additionally, Petitioner asserts that his due process rights were violated based on this erroneous NCIC information during his previous detention at the Pickens County (South Carolina) jail because he was denied a bond reduction, his due process rights were violated during a previous incarceration at the South Carolina Department of Corrections (SCDC) because he was classified as maximum security, his due process rights were violated during his previous detention in Georgia on a non-violent offense because he was classified as maximum security and denied programs, and that his due process rights will possibly be violated in the future if he is re-incarcerated at SCDC because he will be classified as "max." Petitioner also complains that he could not get the forms he required from Pinellas County and could not pay the FBI and FDLE for necessary information because he is indigent, and that the GCDC refuses to give him assistance and will not provide him with copies of Florida court rules, statutes, and codes of law. ECF No. 1 at 6-8.

A writ of habeas corpus under § 2241 "shall not extend to a prisoner" unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); see Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Fundamentally, a habeas proceeding under either § 2241 or § 2254 "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, a traditional habeas petition challenges the "fact or

---



⁴(...continued)
at the time. Crouchman v. Conway, No. 8:15-cv-390-T-30TBM (M.D.Fla. March 4, 2015); see ECF No. 1-1 at 19-20.

4

duration" of physical confinement and seeks either immediate or speedier release from that confinement. Id. at 498. Here, Petitioner is not entitled to § 2241 habeas relief because he has not shown that he is "in custody" on the challenged sentences (his September 2010 Florida convictions).[5] The "in custody" requirement necessitates "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989); see Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986)[petition filed pursuant to 28 U.S.C. § 2254].

The word "custody" usually "'signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.'" Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538 (5th Cir. 2003) (quoting Pack v. Yusuff, 218 F.3d 448, 454 n. 5 (5th Cir. 2000)). However, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal court's subject matter jurisdiction, and a habeas petition filed by such a person is properly denied. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th

---

[5]Nor has Petitioner shown that § 2241 extends to him based on the other provisions of this section, which provide:

> The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> ***
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).



5

Cir. 1990); see also Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir. 1987)[habeas petition filed after an individual's unconditional release from prison properly denied by the district court]. As noted above, Petitioner was sentenced to time served as to his Florida convictions in September 2010. Additionally, Petitioner admits that he is not challenging his convictions on the lesser offenses of which he was found guilty at trial; rather, he is challenging an alleged error on his NCIC report, which is not part of the court system, but is a criminal history report maintained by the FBI. ECF No. 1 at 5. Hence, while the "in custody" requirement has been broadened to include other types of restraint on liberty, such as probation and parole, Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012)[§ 2254], Petitioner provides no facts in the pleading to demonstrate that he is "in custody" as to his September 2010 Florida convictions. Rather, he is serving a Family Court sentence and (according to the Petition) also awaiting trial on some other pending charges. These events have nothing to do with his 2010 Florida convictions. While Petitioner may believe that the alleged incorrect NCIC information is going to be used in his sentencing if he is convicted on his pending criminal charges or for a probation violation, any such claim is speculative at this point, as he has not cited to any current sentence he is serving that has actually been enhanced by the September 2010 Florida convictions. In any event, that would be an issue Petitioner could raise at his sentencing. Therefore, as Petitioner has not shown that he is "in custody" pursuant to § 2241 with respect to the charges or convictions he is challenging, this action is subject to dismissal for lack of subject matter jurisdiction.

Petitioner does not appear to also be separately challenging his pending criminal charges, but to the extent that he is attempting to do so, he is again not entitled to relief under § 2241. Although pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which

6

applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him;" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987)); ordinarily federal habeas corpus relief for a state prisoner is only available post-conviction, and "'[a]n attempt to dismiss an indictment or otherwise prevent a prosecution'" (if that is what petitioner is attempting to do here) is generally not attainable through federal habeas corpus. Dickerson, 816 F.2d at 226 (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43–44.

From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Petitioner is currently detained on pending state criminal charges, thus satisfying the first prong of the abstention test. The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that



7

should influence a court considering equitable types of relief[,]" Kelly v. Robinson, 479 U.S. 36, 49 (1986); while in addressing the third criterion, the Supreme Court has noted that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975).

Therefore, this case meets all of the criteria for abstention under Younger, and federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. Dickerson, 816 F.2d at 224–26; see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975); cf. Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) [double jeopardy claim entitled to pretrial habeas intervention because the "very constitutional right claimed ... would be violated" if petitioner were forced to go to trial]. Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449. Petitioner does not allege any extraordinary circumstances to indicate that pretrial intervention would be appropriate. Hence, as Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. See Younger, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.



8

Finally, to the extent Petitioner may also be attempting to challenge his custody classification and his access to the courts at the GCDC, such claims are not properly brought under § 2241. See Preiser v. Rodriguez, 411 U.S. at 500 [complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]; see also Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005)[claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241, as release from custody was not an available remedy]; Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir.1997); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ["Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.... A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement.'"](citation omitted); Lee v. Winston, 717 F.2d 888, 893 (4th Cir.1983) [holding that a claim seeking injunctive relief, which was unrelated to the legality of a prisoner's confinement, was cognizable under 28 U.S.C. § 1983, but not under 28 U.S.C. § 2254]; Lane v. Trent, No. 2:13cv6, 2013 WL 709052, at * 1 (N.D.W.Va. Jan. 28, 2013)[conditions of confinement claim, specifically a claim of a violation of constitutional rights with respect to medical treatment, was not the type of claim that could be brought in a § 2241 petition], adopted, 2013 WL 709046 (N.D.W.Va. Feb. 25, 2013); Warman v. Philips, No. 1:08cv217, 2009 WL 2705833, at *3 (N.D.W.Va. Aug.25, 2009)[holding that it is well established that a § 2241 petition "may not be used to challenge [an] inmate's conditions of confinement"]; Sosa v. Dretke, No. 1:03-CV-250-C, 2004 WL 1268162, at *3 (N.D.Tex. May 4,



9

2004)[complaints regarding changes in custody level are not actionable in a federal habeas proceeding](citing Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995)).

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be dismissed, without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 4, 2016
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



11